**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                      Plaintiff,

            - against -

FELIX J. ROMELIEN,

                      Defendant.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 05-1341 (DRH) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff United States of America (the "government") seeks an award of damages against Felix J. Romelien ("Romelien") for his default on a student loan. *See* Docket Entry ("DE") 1 (Complaint). As a result of Romelien's failure to answer the Complaint, the Clerk noted his default, DE 6, and the Honorable Denis R. Hurley, United States District Judge, referred the matter to me for a Report and Recommendation as to the appropriate amount of damages, attorneys' fees, and costs that the government should recover. DE 8. I now make that report and, for the reasons explained below, recommend that judgment be entered in favor of the government in the amount of $5,842.26, consisting of $4,622.72 in damages and $1,219.54 in attorneys' fees and costs.

I.     Background

      A.     Romelien's Default

      The government filed its Complaint on March 11, 2005, DE 1, and subsequently served that pleading on Romelien on April 21, 2005. DE 3. Romelien's deadline for filing an answer to the Complaint was May 11, 2005. After that deadline had passed without any response from Romelien, the government moved for a default judgment. DE 4. The Clerk noted Romelien's

default on August 30, 2005, and the matter was referred to me on September 12, 2005. Endorsed Order on DE 4.

   B.   Romelien's Debt

The Complaint alleged that Romelien "neglected and refused" to pay upon demand the balance due on a promissory note he executed for a student loan guaranteed by the United States Department of Education (the "Department"). DE 1 ¶ 4. The government attached to its Complaint a Certificate of Indebtedness, apparently prepared on the basis of information within the Department's records, that describes the procedural history of Romelien's loan as well as the amount due as of November 16, 1998. DE 1, Attachment ("Certificate"). According to the Certificate, Romelien executed a promissory note on May 29, 1990, securing $2,625.00 from Citibank at an interest rate of eight percent interest per annum. The loan was guaranteed by New York State's Higher Education Services Corporation ("HESC") and was subsequently reinsured by the Department pursuant to Title IV-B of the Higher Education Act of 1965. *See* 20 U.S.C. § 1071 *et seq.* Citibank demanded payment according to the terms of the promissory note and thereafter credited $265.27 to the outstanding principal owed.

Romelien subsequently defaulted on the promissory note on May 13, 1993, and Citibank filed a claim on the guarantee with HESC, which then paid Citibank $2,360.73. After HESC tried without success to collect the debt, it obtained reimbursement from the Department pursuant to its reinsurance agreement and assigned the Department its rights under the promissory note. Since the assignment on March 22, 1995, the Department received $240.00 in offsets from various sources. After accounting for these payments, as of November 16, 1998, Romelien owed the government a total of $3,177.27, consisting of $2,492.15 in loan principal and $685.12 in interest. *See* DE 1, Certificate.

II.  Discussion

    A.  No Hearing Is Needed

Upon the entry of default, a party concedes all well pleaded factual allegations, however, this concession does not extend to damages.  *See* Fed. R. Civ. P. 8(d); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted).  A plaintiff must prove its damages if they are neither "susceptible of mathematical computation" nor liquidated as of the default.  *Id.* (citations omitted); *see* Fed. R. Civ. P. 55(d)(2).  To determine the appropriate amount of damages, courts have "the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing."  *DirecTV, Inc. v. Perrier*, 2004 WL 941641, *2 (W.D.N.Y. March 15, 2004) (citations omitted).  "A hearing is not required as long as the court ensures that there is a basis for the damages awarded."  *Id.*  Because the government has submitted a sufficient affirmation and documentation in support of its motion, no hearing is required.

    B.  Damages

In support of its application for damages on Romelien's default the government submitted the Certificate and an affirmation sworn by attorney Michael T. Sucher.  *See* DE 5-2 (Affirmation of Michael T. Sucher) ("Aff.").  The government also submitted an affirmation attesting to the fact that, after investigation, it has determined that Romelien is not presently serving in the military and has not been called to such service.  *See* DE 5-3.

The Certificate sufficiently supports an award of the loan principal in the amount of $2,492.15 and I therefore recommend awarding a sum of this amount.  The Certificate also states that $685.12 in interest was due as of November 16, 1998.  From November 17, 1998 through February 17, 2006, another $1,445.45 in interest will have accrued at the loan's stated interest rate of eight percent per annum; therefore I recommend an award of $2,130.57 in interest.

C.      Attorneys' Fees And Costs

Reasonable attorneys' fees are permitted for the collection of damages resulting from a default on a promissory note. *See* 20 U.S.C. § 1091a(b)(1) (requiring a student borrower who has defaulted to pay "reasonable collection costs"). A request for attorneys' fees must be supported by "contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" *DirectTV v. Meinecke*, 2004 WL 1535578, at *4. (S.D.N.Y. July 9, 2004) (citing *New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983)). However, in lieu of calculating attorneys' fees with the lodestar method, the court may award a percentage of the amount recovered. *See United States v. Vilnus,* WL 2005 WL 2175893*, at *7 (E.D.N.Y. September 8, 2005); *see also Peoples Westchester Savings Bank v. Ganc*, 715 F. Supp. 611 (S.D.N.Y. 1989) (awarding 10 percent of the face value of the promissory note); *National Commercial Bank and Trust Company v. Farina's Market, Inc.*, 95 Misc.2d 284, 286 (N.Y. Sup. 1978) (noting that awards of 20 percent of the amount recovered for attorneys' fees have been found reasonable).

The government requests an amount in attorneys' fees equal to 20 percent of the total amount recovered. Aff. ¶ 6. In the alternative, the government requests $1,575 based on 4.5 hours of work at a rate of $350 per hour. Aff. ¶ 8. The fee request is based on reviewing the student loan collection file, attempting to correspond with Romelien, drafting the summons and complaint, drafting the motion for default, and filing the same. *Id.* However, the government has not submitted contemporaneous time records; therefore I am precluded from awarding attorneys' fees using the lodestar method. Nonetheless, I find an award of 20 percent of Romelien's total debt to the government to be a reasonable fee for the services rendered, as Judge Sifton so thoroughly explained in a recent similar case. *See Vilus*, 2005 WL 2175893, at *6-7 (finding attorneys' fees in the amount of 20 percent of the total debt to be reasonable on the

ground that it is less than the 25 percent the Department charges for collection costs pursuant to 34 C.F.R. § 30.60(b)). I therefore recommend an award of $924.54 in attorneys' fees.

Finally, the government asks for $295 in costs which includes $250 in filing fees and $45 for service of process. *See* Aff. ¶ 10; *see also* DE 4-2, Attachment (Process Server Receipt). These costs are reasonable and have been sufficiently documented; I therefore recommend that they be reimbursed.

III.   Recommendation

For the reasons set forth above, I respectfully recommend that the Court enter judgment awarding the government a total of **$5,842.26**, consisting of the following components:

**$2,492.15** in loan principal;

**$2,130.57** in interest;

**$924.54** in attorneys' fees; and

**$295.00** in costs.

IV.   Objections

This Report and Recommendation will be electronically filed on the court's ECF system. Counsel for the government is directed to serve a copy of this Report and Recommendation on defendant Romelien and to file proof of service with the court. Any objection to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to me within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. 636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
       February 16, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge